IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CATRINA MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-184-WKW |
| | ) | [WO] |
| BANK OF AMERICA, N.A., and | ) | |
| DITECH FINANCIAL, LLC | ) | |
| F/K/A/ GREEN TREES | ) | |
| SERVICING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions to dismiss filed by Defendants Bank of America, N.A. ("BOA"), and Ditech Financial, LLC f/k/a Green Trees Servicing, LLC ("Ditech"). This case began in state court, where Plaintiff Catrina McCall asserted several claims arising from a mortgage foreclosure. (Doc. # 1-1.) Defendants removed the case to this court on the basis of diversity jurisdiction (Doc. # 1), and filed motions to dismiss (Docs. # 7, 8). Ms. McCall then moved for, and was granted, leave to file an amended complaint. (Docs. # 20, 21.)

Both Defendants have moved to dismiss Plaintiff's amended complaint (Docs. # 23, 24), and the parties have fully briefed the issues (Docs. # 23, 24, 28, 29, 30). Upon consideration of the motions and the governing complaint, the court will deny

the motions and exercise its inherent power to dismiss Plaintiff's shotgun complaint with leave to file a second amended complaint.

## I. JURISDICTION AND VENUE

Subject-matter jurisdiction is proper under 28 U.S.C. § 1332, and the parties do not contest personal jurisdiction.  Venue is proper under 28 U.S.C. § 1441(a).

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

The Federal Rules of Civil Procedure mandate that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although "[n]o technical form is required," all

"allegation[s]" made in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This rule plays a crucial role in the efficient administration of justice: succinct, concise pleading allows the opposing party to "frame a responsive pleading" and helps the court "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

A complaint that runs afoul of Rule 8(a)(2)—or the related Rule 10(b)—is "often disparagingly referred to as [a] 'shotgun pleading[ ].'" *Id.* The Eleventh Circuit has roundly condemned such shotgun pleadings, both for the confusion they cause litigants and the havoc they wreak on the docket. *See id.* at 1320–23 (describing "a thirty-year salvo of criticism" with "no ceasefire in sight"). There are four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts," (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints that fail to "separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[ ] multiple claims against multiple defendants without specifying which of the

defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23.

The complaint suffers from three of the four shotgun-pleading sins. First, in each of the five counts, the complaint incorporates all of the preceding material by reference. (Doc. # 22, ¶¶ 29, 33, 38, 43, 47.) This will not do. Rote and repeated incorporations by reference fill each count "with factual allegations that could not possibly be material to that specific count," flouting the Rule 10(b) requirement to plead separate claims in separate counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It is not enough to "clearly incorporate[ ] all 'facts' ple[aded] in the [amended complaint]" (Doc. # 28), as Plaintiff has done; rather, the supporting facts must be pleaded in the count asserting the cause of action. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). A failure-to-state-a-claim analysis of the amended complaint would be a matter of guesswork rather than a reasoned decision.

Second, the complaint's allegations are conclusory and vague. Outside of twenty-one paragraphs of factual assertions, the complaint does little more than parrot legal standards. Take Count 1 as an example: Plaintiff simply recites that, "[a]s stated herein, Defendants made material misrepresentations of amounts due to Plaintiff." (Doc. # 22 ¶ 30.) This falls well short of the pleading requirements imposed by the Federal Rules. *See* Fed. R. Civ. P. 8(a); *see also Weiland*, 792 F.3d

at 1322. What, exactly, were the material misrepresentations? Those alleged misrepresentations should be enumerated so that the court and Defendants can evaluate the complaint without having to guess at which facts support which claims.

Finally, despite asserting claims against both BOA and Ditech, Plaintiff's complaint fails to distinguish between each party's conduct. This sort of collective accusation does not necessarily make for a shotgun pleading. *See Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint deficient."). But in light of the complaint's conclusory language and over-use of incorporations by reference, mere reference to "Defendants" does not give fair notice to either opposing party. *See Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests") (citation, quotation marks, and ellipsis omitted). In sum, the complaint bears the marks of a shotgun pleading, and will be treated as such.

Defendants have undertaken significant effort to draft a motion to dismiss the complaint and whatever claims might be alleged in it. However, it is "virtually impossible to know" from Plaintiff's shotgun complaint "which allegations of fact are intended to support which claim(s) for relief" against which Defendants. *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing "the perfect example of a shotgun complaint"). Thus, in

considering the motion to dismiss, the court cannot "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320.

"Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 (11th Cir. 2010).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367. Thus, "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation.  Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).  "If the trial judge does not quickly demand repleader [of a shotgun complaint], all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).  As a case proceeds on a shotgun complaint, "[g]iven the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other

6

business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues." *Id.* Thus, it is particularly crucial for the court to ensure that justice is administered efficiently from the outset of each case.

Therefore, in accordance with the court's "power and duty to define the issues at the earliest stages of litigation," all of Plaintiff's claims will be dismissed without prejudice, with leave granted to Plaintiff to file a second amended complaint that complies with the Federal Rules of Civil Procedure and this Order. *Johnson Enters.*, 162 F.3d at 1333; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader *sua sponte*.").

In drafting this amended complaint, Plaintiff should bear in mind that her claims for fraud and fraudulent suppression must pass the higher bar of Federal Rule of Civil Procedure 9(b). Where 9(b)'s "heightened pleading standards" apply, "the pleading requirements do not extend merely to plausibility." *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015). Rather, "they demand plausibility based upon Rule 9(b)'s heightened degree of specificity." *Id.* A complaint that fails to "distinguish among [the] defendants and specify their respective role in the alleged fraud" will not meet this standard. *McAllister Towing & Transp. Co. v. Thorn's Diesel Serv., Inc.*, 131 F. Supp. 2d 1296, 1301 (M.D. Ala.

7

2001).  Similarly, Rule 9(b) will not be satisfied if Plaintiff fails to plead specific facts in the counts asserted in the complaint.[1]  *See Wagner*, 464 F.3d at 1279.

## III.  CONCLUSION

Accordingly, based on this court's inherent power to manage its docket, it is ORDERED as follows:

1.    Plaintiff's claims are DISMISSED without prejudice.

2.    Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff is given leave to file a second amended complaint **on or before October 11, 2016**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

   a.    The second amended complaint must set forth, with clarity, short and plain statements showing Plaintiff is entitled to relief.  The body of the complaint shall contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) clear and concise allegations of fact showing that Plaintiff is entitled to relief; (3) claims for relief set forth in separate counts of the complaint; and (4) a demand for relief sought. Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b).  Allegations of fraud must meet Rule 9(b)'s heightened pleading standards for specificity.

---

[1] Plaintiff is also reminded that fictitious-party pleading generally is not allowed in federal court. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

8

b.    The second amended complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, sufficiently detailed, and material to Plaintiff's claims. Plaintiff must allege facts that make clear the nature of each Defendant's alleged involvement in each claim and how each particular Defendant violated Plaintiff's rights.

c.    Plaintiff "must state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim . . . founded on a separate transaction or occurrence must be stated in a separate count." *Id*.

d.    Plaintiff may not simply incorporate all factual allegations by reference into every count; rather, Plaintiff must indicate with clarity which specific factual allegations are material to each specific count.

e.    With respect to each count, the second amended complaint must clearly and specifically identify each relevant Defendant's alleged acts or omissions in a manner sufficient for each Defendant to know how it is alleged to be involved with the claim and the factual and legal grounds upon which it is alleged to be liable to Plaintiff.

3.    Defendants' motions to dismiss (Docs. # 23, 24) are DENIED without prejudice to reassert any arguments that may be relevant to the second amended complaint.

Plaintiff is ADVISED that, if she does not file a second amended complaint on or before **October 11, 2016**, this action will be dismissed without prejudice. Claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 26th day of September, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE