IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CATRINA MCCALL,                                                                   PLAINTIFF

v.                                                       CIVIL ACTION NO. 2:16-CV-184-KS-WC

BANK OF AMERICA, N.A., and DITECH
FINANCIAL, LLC F/K/A GREEN TREE
SERVICING, LLC,                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

For the reasons below, the Court finds that Defendants' Motions to Dismiss [33, 34] should be granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff Catrina McCall filed her original complaint in state court, alleging several claims against Defendants Bank of America, N.A. ("BOA"), and Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") arising from a mortgage foreclosure. (Compl. [1-1].) Defendants removed the case to this court on the basis of diversity jurisdiction, (Notice of Removal [1]), and filed Motions to Dismiss [7, 8]. Plaintiff then filed a Motion for Leave to File an Amended Complaint [20], which was granted [21]. Plaintiff filed her Amended Complaint [22] and Defendants again filed Motions to Dismiss [23, 24]. The Court, finding the Amended Complaint violated Federal Rules of Civil Procedure 8(a) and 10(b), dismissed Plaintiff's claims without prejudice and gave Ms. McCall leave to file a second amended complaint in compliance with the Federal Rules of Civil Procedure and the terms of the Court's order. (Order [31].) Plaintiff filed her Second Amended Complaint [32] asserting claims of fraud, breach of contract, fraudulent suppression, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collection

1

Practices Act. Defendants again filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [33, 34] which have been fully briefed by both parties [33, 34, 35, 36, 37].

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, Plaintiff's Second Amended Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court is not obligated to accept threadbare recitals of the elements of the cause of action, and legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 678-79.

When a claim of fraud or mistake is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For fraud claims, Rule 9(b) "plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## III. CLAIMS AGAINST BANK OF AMERICA

### A.     Fraud Claim (Count 1)

Defendant BOA argues that Plaintiff's claim for fraud should be dismissed because Plaintiff fails to meet the Rule 9(b) particularity requirements. (BOA Mot. Dismiss. [34] at pp. 6-8.) The Court agrees. One required component of a fraud claim under the Rule 9(b) requirements is an allegation of what the defendant obtained by the fraud. *FindWhat*, 658 F.3d at 1296. Plaintiff makes no allegations regarding how BOA benefited from or obtained anything from the alleged fraud. As a result, Plaintiff's fraud claim fails to meet the Rule 9(b) standard and is subject to dismissal.

Additionally, BOA asserts that Plaintiff fails to allege sufficient facts that state a plausible claim for fraud. Under Alabama law, "'a plaintiff alleging fraud must prove four elements: (1) a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance.'" *Billy Barnes Enters. v. Williams*, 982 So. 2d 494, 499 (Ala. 2007) (quoting *George v. Associated Doctors Health & Life Ins. Co.*, 675 So. 2d 860, 862 (Ala. 1996)). BOA argues that Plaintiff does not sufficiently state facts that could plausibly satisfy the reliance element because Plaintiff does not indicate how her conduct changed as a result of BOA's alleged false representation. (BOA Mot. Dismiss [34] at p. 7.) "Reliance requires that the misrepresentation actually induced the injured party to change its course." *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 4 (Ala. 2004). In her Second Amended Complaint, Plaintiff says that she "relied on those balances from BOA," referring to the arrearages stated in BOA's Proof of Claim during Plaintiff's bankruptcy case. (2d Am. Compl. [32] ¶ 33.) However, Plaintiff's statement is a legal conclusion without the support of fact and is, therefore, not entitled to acceptance as fact. *See Iqbal*, 556 U.S.

at 678-79. Plaintiff goes no further to explain how she changed her conduct by relying on BOA's alleged misrepresentation of the balance of her arrearages. By failing to provide facts that allege how she relied on misrepresentations by BOA, Plaintiff has not sufficiently stated a claim for fraud under Alabama law.

## B. Breach of Contract Claim (Count 2)

BOA asserts that Plaintiff has failed to state a claim for breach of contract because the Second Amended Complaint [32] does not specify a contract provision that has been breached. (BOA Mot. Dismiss [34] at p. 10.) Under Alabama law, a breach of contract action requires "(1) the existence of a valid contract binding the parties in the action, (2) the plaintiff's own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Poole v. Prince*, 61 So. 3d 258, 273 (Ala. 2010) (internal quotations omitted). Plaintiff alleges that "[v]alid contracts existed between Plaintiff and Defendants in the form of service agreements," (2d Am. Compl. [32] ¶ 39), that "Plaintiff . . . performed all obligations under the contracts . . . ," (2d Am. Compl. [32] ¶ 40), that "BOA breached the contract with Plaintiff by failing to report accurately to the Trustee and/or Green Tree," (2d Am. Compl. [32] ¶ 42.), and that "Plaintiff has been damaged by the fact that she lost her home . . . ." (2d Am. Compl. [32] ¶ 45.) BOA is correct that Plaintiff never provides any specific information about the specific provision BOA is alleged to have breached. However, Plaintiff is not required to attach, quote, or cite to the contract in order to state her claim for breach of contract. *See Grayson, Inc. v. Global Payments Direct, Inc.*, 2013 WL 5719087, at *3 (N.D. Ala. Oct. 18, 2013). Plaintiff's claim contains sufficient factual matter to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

In support of its proposition that Plaintiff must state the specific contract provision that was allegedly breached, BOA cites *Sirmon v. Wyndham Vacation Resorts, Inc.* and *Parsons & Whittemore Enterprises Corp. v. Cello Energy, LLC*. These cases are distinguishable from the case at bar. In *Sirmon*, the court granted summary judgment for the defendant when the plaintiff was unable to point to a written contractual provision that had been breached because the plaintiff was relying on oral representations that were barred by the parole evidence rule. *Sirmon v. Wyndham Vacation Resorts, Inc.*, 922 F. Supp. 2d 1261, 1288 (N.D. Ala. 2013). In *Cello Energy*, the court granted summary judgment for the defendant when the plaintiff alleged that the defendant was acting in bad faith without pointing to a specific contract provision because there is no independent good faith contractual cause of action under Alabama law. *Parsons & Whittemore Enters. Corp. v. Cello Energy, LLC*, 613 F. Supp. 2d 1271, 1289-90 (S.D. Ala. 2009). In the case at bar, the parole evidence rule and duty of good faith are not at issue. Additionally, the Court is not deciding a motion for summary judgment. The defendants will have their opportunity to dispute the Plaintiff's factual allegations. However, that time is not now. Plaintiff's breach of contract claim is sufficient to survive Defendant BOA's motion to dismiss.

### C. Fraudulent Suppression Claim (Count 3)

A fraudulent suppression claim requires: (1) a duty to disclose an existing material fact; (2) suppression of the material fact; (3) inducement to act or to refrain from acting; (4) actual damage as a proximate result; and (5) knowledge of the material fact suppressed. *State Farm Fire and Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998). Plaintiff's fraudulent suppression claim in her Second Amended Complaint [32] does little more than recite the elements of the cause of action in a conclusory manner. "Threadbare recitals of the cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff's claim does not satisfy the particularity requirements of Rule 9(b) due to the lack of detail in her allegations. As a result, Plaintiff's claim of fraudulent suppression against BOA should be dismissed.

    **D.    Fair Credit Reporting Act and Fair Debt Collection Practices Act Claims (Counts 4 and 5)**

Plaintiff has conceded that her claims under the Fair Credit Reporting Act and Fair Debt Collection Practices Act claims should be dismissed. (Pl.'s Opp'n to Defs.' Mots. Dismiss [35] at p. 7 n. 3). The Court sees no reason to further address those claims.

## IV. CLAIMS AGAINST DITECH

    **A.    Fraud Claim (Count 1)**

Plaintiff's claim for fraud against Ditech fails to meet the particularity requirement under Rule 9(b) for the same reason as Plaintiff's fraud claim against BOA. Plaintiff fails to make any allegation regarding what Ditech "obtained as a consequence of the fraud." *FindWhat*, 658 F.3d at 1296. As such the claim is subject to dismissal.

Plaintiff's claim against Ditech is deficient in an additional aspect. Unlike in her fraud claim against BOA, Plaintiff fails to even mention how she relied on alleged misrepresentations by Ditech. Reliance is a required element of any fraud claim. *Billy Barnes Enters.*, 982 So. 2d at 499. As a result, Plaintiff's Second Amended Complaint [32] does not contain sufficient facts necessary to state a plausible cause of action for fraud against Ditech.

    **B.    Breach of Contract Claim (Count 2)**

Ditech argues that Plaintiff's breach of contract claim against it is subject to dismissal because Plaintiff "pleads that her actionable contract with the defendants [are] 'service

6

agreements'" and that Plaintiff fails to allege she is party to those contracts or is a third-party beneficiary. (Ditech Mot. Dismiss [33] ¶ 4.) Plaintiff pleads that "[v]alid contracts existed between Plaintiff and Defendants in the form of service agreements." (2d Am. Compl. [32] ¶ 39.) This allegation, as currently written, plainly indicates that the service agreements are contracts between Plaintiff and each Defendant, making Plaintiff a party to each agreement. Ditech will have its opportunity to dispute this allegation. However, when the allegation is taken as true, Plaintiff's breach of contract claim against Ditech is sufficient to plausibly entitle Plaintiff to relief.

### C. Fraudulent Suppression Claim (Count 3)

Plaintiff only made allegations against BOA in the fraudulent suppression section of her complaint. However, in her Opposition brief, Plaintiff makes additional allegations for fraudulent suppression against Ditech. (Pl.'s Opp'n [35] at pp. 6-7.) The Court will not consider these additional allegations as a claim against Ditech. The proper method of asserting new claims is through an amended complaint in accordance with Federal Rule of Civil Procedure 15(a).

### D. Fair Credit Reporting Act and Fair Debt Collection Practices Act Claims (Counts 4 and 5)

As stated above, Plaintiff conceded that her claims under the Fair Credit Reporting Act and Fair Debt Collection Practices Act should be dismissed.

### V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Dismiss [33, 34] are **granted in part** and **denied in part**.

They are **denied** with respect to Count 2 for breach of contract against BOA and Ditech.

They are **granted** with respect to Counts 1, 3, 4, and 5. Plaintiff's claims for fraud, fraudulent suppression, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collection Practices Act are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED, on this, the __14th__ day of June, 2017.

    _s/Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE